NO. 07-05-0453-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 28, 2006


 ______________________________



SANGUINET BUILDING, L.P., APPELLANT



V.



SUNDOWN OPERATING, INC. AND DON H. WILSON, APPELLEES


_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 05-11-20215; HONORABLE HAROLD PHELAN, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 On February 23, 2006, the appellant filed an Unopposed Motion to Dismiss Appeal. 
No decision of this Court having been delivered to date, we grant the motion. Accordingly,
the appeal is dismissed. No motion for rehearing will be entertained and our mandate will
issue forthwith. Tex. R. App. P. 42.1. All costs incurred are adjudged against the party
incurring the same. 



 James T. Campbell

 Justice



an>

THE STATE OF TEXAS,

                                                                                                 Appellee

_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 54073-A; HON. HAL MINER, PRESIDING

_______________________________

DISSENT
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

          I respectfully dissent from the majority’s opinion.
          Per the record, Officer Griffin testified that appellant 
was walking in the roadway and originally caught my eye. And when I
observed him walking and after seeing me, he - - he looked back and what
I could remember was grabbing at his waist.
He further acknowledged that appellant was doing nothing that could be construed as
criminal at the time. When the officer eventually returned to the location, appellant was
found near or in the front yard of a house. And, though he admittedly saw nothing that he
could categorize as criminal activity, the officer stopped his patrol car, “spotlighted”
appellant, and told him to “come over here and talk to me.” In response, appellant
purportedly looked back and stopped after taking several more steps. And, as that
occurred, the officer exited his patrol car and approached appellant. 
          Missing from the phrase “come over here and talk to me” are words of contingency
or option. That is, they are not a mere solicitation of cooperation. Nor do they extend any
choice, explicit or implicit. Rather, they are mandatory: “come over here and talk to me.” 
I would dare say that any parent who uttered those words only to have his or her child walk
away would not reasonably construe the child’s response as acceptable. And, we do not
have a mere parent here but rather a police officer in his marked car shining his spotlight
on his quarry in the middle of the night. Together, those indicia fall short of suggesting that
a reasonable person under the same circumstances would find it permissible to ignore the
officer and leave. 
          Moreover, I see no difference between an officer shining his spotlight upon
someone and directing him to “come over here” and an officer engaging his emergency
lights when attempting to stop a vehicle. Both serve to announce the officer’s presence
and carry with them an implicit command. And, for that reason our opinion in Hudson v.
State, 247 S.W.3d 780 (Tex. App.–Amarillo 2008, no pet.), is especially informative. 
There, we held that “when a person stops in response to a patrol car's emergency lights
rather than of his own accord, an investigatory detention has occurred,” which stop
required the presence of “reasonable suspicion.” Id. at 784. 
          Thus, the uncontested evidence of record depicting the stop evinced no mere
encounter but rather a detention. And, because walking down a residential street at night,
though the area may be one wherein burglaries may have occurred at one time or another
in the past, fails to give rise to a reasonable belief that crime is afoot, Davis v. State, 61
S.W.3d 94, 98 (Tex. App.–Amarillo 2001, no pet.), even if the individual tugs on his
waistband. I would hold, as a matter of law, not only that the detention was illegal but also
that the motion to suppress should have been granted.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Publish.